1  Elissa D. Miller (CA Bar No. 120029)
     emiller@sulmeyerlaw.com
2  Daniel A. Lev (CA Bar No. 129622)
     dlev@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Grand Avenue, Suite 3400
   Los Angeles, California  90071-1406
5  Telephone:  213.626.2311
   Facsimile:  213.629.4520
6
   (Proposed) Attorneys for Howard B. Grobstein, Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10  In re                          Case No. 6:20-bk-15349-SY

11  JAYESH K. SHAH,                Chapter 7

12              Debtor.            Adv. No.

13                                 **NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 1452(a)**

14

15

16                                 DATE:
                                   TIME:    [No Hearing Required]
                                   PLACE:
17

18  _____

19  SANDHYA SHAH,

20              Plaintiff,

21      vs.

22  RASHMI SHAH, VIRENDRA SHAH,
    KUSUM SHAH, URVASHI SHAH, and
23  DOES 1 through 10, inclusive,

24              Defendants.

25  _____

26

27

28

DAL 2706504v1                        1

1  **TO THE HONORABLE SCOTT YUN, UNITED STATES BANKRUPTCY JUDGE,**

2  **PLAINTIFF, DEFENDANTS, AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

3       **PLEASE TAKE NOTICE** that Howard B. Grobstein (the "Trustee"), the duly

4  appointed, qualified, and acting chapter 7 trustee for the estate of the debtor and

5  proposed defendant-in-intervention and cross-complainant-in-intervention Jayesh K.

6  Shah (the "Debtor"), hereby removes to this Court, pursuant to 28 U.S.C. § 1452(a), Rule

7  9027 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9027-

8  1(a), the state court action presently pending in the Superior Court for the State of

9  California, County of Los Angeles, South Central District, styled <u>Sandhya Shah v. Rashmi</u>

10  <u>Shah, Virendra Shah, Kusum Shah, Urvashi Shah, and DOES 1 through 10, inclusive</u>,

11  bearing Case No. 19CMCP00179 (the "Action").

12       **PLEASE TAKE FURTHER NOTICE** that the Action, and its removal, is

13  based on the following facts:

14       (a)    The debtor and proposed defendant-in-intervention and cross-

15  complainant-in-intervention Jayesh K. Shah (the "Debtor") commenced this case by filing

16  a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy

17  Code") on August 6, 2020 (the "Petition Date");

18       (b)    The Debtor's schedule A/B lists a 10% interest in certain commercial

19  property located at 821 E. Artesia Boulevard, Carson, California 90746 (the "Property"),

20  with a scheduled fair market value of $9,000,000;

21       (c)    On October 25, 2019, Sandhya Shah, the Debtor's ex-wife, caused

22  to be filed her "Complaint for Dissolution of Partnership, Accounting, Breach Of Oral

23  Contract, Breach Of Fiduciary Duty, Fraudulent Concealment, Constructive Fraud,

24  Conversion, And Money Had And Received, Unjust Enrichment" (the "Complaint")

25  against Rashmi Shah, Virendra Shah, Kusum Shah, and Urvashi Shah, each of whom

26  are brothers and sisters in law of the Debtor, which Complaint, as noted, is presently

27  pending in the Superior Court for the State of California, County of Los Angeles, South

28  Central District, bearing Case No.  19CMCP00179;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1       (d)     In sum, on or around September 1995, three brothers Rashmi Shah,

2 Virendra Shah, and the Debtor formed a general partnership entitled "Shah Artesia R.E.

3 Partnership" (the "Partnership") to acquire the Property, as an owner/user property, such

4 that Rashmi Shah and his wife, Kusum Shah, jointly own a 60% interest in the

5 Partnership, Virendra Shah and his wife, Urvashi Shah, jointly own a 20% interest in the

6 Partnership, and the Debtor and his ex-wife, Sandhya Shah, jointly own a 20% interest in

7 the Partnership.  Pursuant to the partnership agreement dated September 5, 1995, each

8 partner occupied the Property, conducted their respective business activities at the

9 Property, and paid their portion of all property relevant expenses such as mortgage

10 payment, property taxes, insurance, utility charges, maintenance, and other Property

11 related expenses;

12       (e)     Pursuant to a "Judgment of Dissolution of Marriage" of the Debtor

13 and Sandhya Shah dated September 15, 2005, the joint tenancy ownership of their 20%

14 interest in the Property was converted to a tenancy-in-common, and, as of July 2005,

15 Sandhya Shah and the Debtor each owned a ten-percent (10%) interest in the Property

16 and the Partnership;

17       (f)     On or about September 18, 2014, the Debtor married Xiomara

18 Barrera ("Barrera");

19       (g)     In the Action, Sandhya Shah alleges that, pursuant to a partnership

20 agreement dated June 16, 2019 (the "June 2019 Partnership Agreement"), the Debtor

21 transferred his 10% interest in the Partnership and the Property to her, and thereby

22 Sandhya Shah owns a 20% interest in the Partnership and the Property;

23       (h)     In the Action, Sandhya Shah alleges causes of action for dissolution

24 of partnership, accounting, breach of fiduciary duty, fraudulent concealment, constructive

25 fraud, conversion, money had and received, and unjust enrichment against Rashmi

26 Shah, Kusum Shah, Virendra Shah, and Urvashi Shah  (collectively, the "Non-Debtor

27 Defendants"), however, the Action did not name either the Debtor or Barrera as

28 defendants;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

(i)     On or about June 16, 2019, the Debtor alleges he critically ill and was hospitalized at Kaiser Permanente Hospital with a condition called hepatic encephalopathy, which is a decline in brain function that occurs as a result of severe liver disease;

(j)     The Debtor further alleges that (i) Sandhya Shah did not pay any consideration to the Debtor for the alleged transfer of his 10% interest in the Partnership and Property to her, (ii) Barrera did not sign or consent to the alleged transfer of the Debtor's interest in the Partnership and the Property, (iii) while the Non-Debtor Defendants were visiting the Debtor at the hospital, Sandhya Shah presented the alleged June 2019 Partnership Agreement with her signature and the Debtor's signature and requested that the Non-Debtor Defendants sign and agree that "they have no objection to the transfer of this interest from Jayesh Shah to Sandhya Shah," and (iv) the Non-Debtor Defendants did not see the Debtor execute the alleged June 2019 Partnership Agreement;

(k)     On August 7, 2020, the Debtor and Barrera caused to be filed their "Notice of Proposed Defendants-in-Intervention and Cross Complainants-in-Intervention, Jayesh Shah and Xiomara Barrera's Motion for Leave to Intervene and Motion for Leave to Intervene" (the "Intervention Motion") which is currently scheduled for hearing on October 8, 2020;

(l)     In compliance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1(d), a true and correct copy of the Complaint is attached hereto as Exhibit "A", a true and correct copy of the Intervention Motion is attached hereto as Exhibit "B", and a true and correct copy of the state court's docket is attached hereto as Exhibit "C";

(m)     This "Notice of Removal of State Court Action to United States Bankruptcy Court Pursuant to 28 U.S.C. § 1452(a)" (the "Notice of Removal") is timely pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure since it was filed within 90 days after the order for relief in the case;

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  (n)  The Action is a civil proceeding arising in or related to the Debtor's

2  bankruptcy case and, therefore, the United States District Court (the "District Court") has

3  original, but not exclusive, jurisdiction of the Action pursuant to 28 U.S.C. § 1334(b);

4  (o)  Since the District Court has jurisdiction of the claims and causes of

5  action relating to the Debtor's interest in the Partnership and the Property, disputes as to

6  these claims and causes of action may be removed to the United States District Court for

7  the Central District of California pursuant to 28 U.S.C. § 1452(a);

8  (p)  Unless otherwise ordered by the District Court, the removed Action is

9  automatically referred to the United States Bankruptcy Court for the Central District of

10  California (the "Bankruptcy Court") pursuant to 28 U.S.C. § 157(a), General Order

11  Number 266 of the United States District Court for the Central District of California, and

12  Rule 9027(e)(1) of the Federal Rules of Bankruptcy Procedure;

13  (q)  This Notice of Removal is filed with the clerk of the Bankruptcy

14  Court, as required by Local Bankruptcy Rule 9027-1(a);

15  (r)  Concurrently with the filing of this Notice of Removal, the Trustee

16  has caused to be filed his "Notice of Status Conference";

17  (s)  Upon removal of the Complaint to the Bankruptcy Court, the Action is

18  a core proceeding pursuant to, among other things, 28 U.S.C. § 157(b)(2)(A), (H), and

19  (O) as (i) it is a matter concerning the administration of the Debtor's estate since it will

20  involve, at a minimum, a determination by the Court of the dispute regarding the Debtor's

21  interest in the Partnership and the Property, (ii) it is a matter involving the determination,

22  avoidance, or recovery of a fraudulent conveyance, and (iii) it is a proceeding affecting

23  the liquidation of an asset of the estate.  Therefore, the Bankruptcy Court may hear and

24  determine the Action pursuant to 28 U.S.C. § 157(b)(1); and

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1        (t)      Pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy

2  Procedure, the Trustee consents to the entry of final orders or judgment by the

3  Bankruptcy Court.

4  DATED: October 6, 2020        **Sulmeyer**Kupetz
                     A Professional Corporation

7                  By: /s/ *Daniel A. Lev*
8                     Daniel A. Lev
                     (Proposed) Attorneys for Howard B. Grobstein,
                     Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**EXHIBIT A**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/25/2019 Sherri R. Carter, Executive Officer/Clerk of Court, by S. Campbell,Deputy Clerk

**SUMMONS**

*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** RASHMI SHAH, VIRENDRA SHAH, KUSUM
*(AVISO AL DEMANDADO):* SHAH, URVASHI SHAH, AND DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** SANDHYA SHAH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES COUNTY SUPERIOR COURT<br>200 W. Compton Blvd.<br>Compton, CA  90220<br>SOUTH CENTRAL DISTRICT | CASE NUMBER:<br>*(Número del Caso):*<br>19CMCP00179 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT M. ORR    (#90039)                              (562) 594-7800  Fax:(562) 594-7833
Attorney at Law
6700 E. Pacific Coast Hwy., Suite 285
Long Beach, CA 90803

| | | | |
|---|---|---|---|
| DATE: 10/25/2019<br>*(Fecha)*   Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by _____ Sarita Campbell<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A  007

Case 6:20-ap-01169-SY Doc 1 Filed 10/06/20 Entered 10/06/20 16:12:31 Desc
Main Document Page 9 of 60
Electronically FILED by Superior Court of California, County of Los Angeles on 11/25/2019 ... Sherri R. Carter, Executive Officer/Clerk of Court, by ... Deputy Clerk
Assigned for all purposes to: Compton Courthouse. Judicial Officer: Maurice Leiter

```
1   ROBERT M. ORR      Bar # 90039
    Attorney at Law
2   6700 E. Pacific Coast Hwy., Suite 285
    Long Beach, California 90803
3
    Telephone:      (562) 594-7800
4   Facsimile:      (562) 594-7833

5   Attorneys for Plaintiff,
    SANDHYA SHAH

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES, SOUTH CENTRAL DISTRICT

10

11  SANDHYA SHAH,                   )  Case No. 19CMCP00179
                                    )
12                 Plaintiff,       )  COMPLAINT   FOR   DISSOLUTION   OF
                                    )  PARTNERSHIP, ACCOUNTING, BREACH OF
13  -vs-                            )  ORAL CONTRACT, BREACH OF FIDUCIARY
                                    )  DUTY,    FRAUDULENT    CONCEALMENT,
14  RASHMI SHAH, VIRENDRA SHAH,)  CONSTRUCTIVE  FRAUD,  CONVERSION,
    KUSUM SHAH, URVASHI SHAH, AND)  AND MONEY HAD AND RECEIVED, UNJUST
15  DOES 1 through 10, inclusive,)  ENRICHMENT
                                    )
16                 Defendants.      )
                                    )
17  _____)

18

19       Plaintiff, SANDHYA SHAH, hereby alleges as follows:

20       1.   Plaintiff is, and at all times herein mentioned was, an

21  individual residing in the City of Cerritos, County of Los

22  Angeles, State of California.

23       2.   Defendant RASHMI SHAH (hereinafter "RASHMI") is, and at

24  all times herein mentioned was, a resident of the State of

25  California and doing business in the County of Los Angeles, State

26  of California.

27       3.   Defendant VIRENDRA SHAH (hereinafter "VIRENDRA") is, and

28  at all times herein mentioned was, a resident of the State of
```

-1-
COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

1    California and doing business in the County of Los Angeles, State

2    of California.

3        4.    Defendant KUSUM SHAH (hereinafter "KUSUM") is, and at

4    all times herein mentioned was, a resident of the State of

5    California and doing business in the County of Los Angeles, State

6    of California.

7        5.    Defendant URVASHI SHAH (hereinafter "RRVASHI") is, and

8    at all times herein mentioned was, a resident of the State of

9    California and doing business in the County of Los Angeles, State

10   of California.

11       6.    Plaintiff is not aware of the true names and capacities,

12   whether    individual,    associate,    partnership,    corporate    or

13   otherwise, of the defendants sued herein as DOES 1 through 10,

14   inclusive, and therefore sues said defendants by such fictitious

15   names.  Plaintiff is informed and believes, and thereon alleges,

16   that   each   of   said   fictitiously   named   defendants   is   legally

17   responsible in some manner for the damages suffered by plaintiff

18   as hereinafter alleged.  Plaintiff will amend this complaint to

19   state the true names and capacities of said defendants when the

20   same have been ascertained.

21       7.    Plaintiff is informed and believes, and thereon alleges,

22   that each of the defendants sued herein as DOES 1 through 10,

23   inclusive, is, and at all times herein mentioned was, the agent,

24   employee, partner or associate of the other defendants sued

25   herein, and that in doing the things hereinafter alleged, each of

26   said defendants was acting within the course and scope of said

27   agency, employment, partnership or association, and with the

28   knowledge, permission, consent and/or ratification of their co-

1  defendants.

2      8.   From the period of at least January of 2014 to the

3  present, and in the County of Los Angeles, State of California,

4  defendants, and each of them, knowingly and wilfully conspired and

5  agreed amongst themselves to cause damage to plaintiff by engaging

6  in conduct constituting a breach of fiduciary duty, fraudulent

7  concealment, constructive fraud, conversion, and unjust enrichment

8  as further alleged herein.

9      9.   Pursuant to the aforementioned conspiracy, and in

10  furtherance thereof, defendants, and each of them, acted in

11  accordance with such conspiracy for the specific purpose, motive

12  and objective, and with the effect, of causing serious harm to

13  plaintiff.  Defendants, and each of them, did the acts and things

14  herein alleged pursuant to, and in furtherance of said conspiracy

15  and agreement.  Defendants, and each of them, furthered the

16  conspiracy by cooperating with and/or lending aid and

17  encouragement to and/or ratifying and adopting the acts of each

18  other defendant.  Moreover, defendants, and each of them, knew

19  that such conduct constituted a breach of fiduciary duty,

20  fraudulent concealment, constructive fraud, unjust enrichment and

21  conversion.

22      10.  On or about August 9, 1995, by way of an oral agreement

23  evidenced by real estate purchase and transfer documents,

24  plaintiff's predecessor-in-interest, Jayesh Shah, as a twenty-

25  percent (20%) owner, formed an at-will partnership to purchase and

26  then lease and/or rent for profit certain commercial real property

27  located at 821 E. Artesia Boulevard, Carson, California

28  (hereinafter the "Artesia Boulevard Property").  Plaintiff,

pursuant to her marriage and subsequent divorce to Jayesh Shah, acquired a ten-percent (10%) interest in the partnership in or about the year 2005, and was thereby thereafter entitled to receive ten-percent (10%) of the net profits earned from the leasing and/or renting of the Artesia Boulevard Property. Pursuant to the aforementioned oral agreement, defendants RASHMI, KUSUM, VIRENDRA, and URVASHI were to manage and/or control the Artesia Boulevard Property, and to account for all money received and spent with respect to leasing and/or renting said property, and to provide plaintiff with sufficient information in order to enable her to calculate her share of the net profits earned from said leasing and/or renting activity.

11.   On or about June 16, 2019, in the County of Los Angeles, State of California, plaintiff, Jayesh Shah, and the defendants herein entered into a written agreement whereby the ten-percent (10%) interest in the partnership still held by Jayesh Shah was transferred to plaintiff, resulting in her owning a twenty-percent (20%) interest in and to the aforementioned partnership.  A true and correct copy of said Agreement is attached hereto, and incorporated herein by reference, as Exhibit "A."  As a result, plaintiff became the owner of a twenty-percent (20%) interest in the partnership, and entitled to receive twenty-percent (20%) of the net profits of the partnership.

12.   Since at least January of 2014 to the present, defendants have failed and refused, and continue to fail and refuse, to pay plaintiff any share of the net profits earned from leasing and/or renting the Artesia Boulevard Property, even though plaintiff has demanded that they pay her the same.  Plaintiff is

EXHIBIT A  011

1  informed and believes, and thereon alleges, that defendants have

2  taken more than their agreed upon share of said net profits.

3      13.  Furthermore, from on or about January of 2014 to the

4  present, defendants have failed and refused, and continue to fail

5  and refuse, to furnish plaintiff with an accounting of the

6  monetary receipts and expenditures relating to the leasing and/or

7  renting of the Artesia Boulevard Property, even though plaintiff

8  has demanded the same.  Plaintiff is informed and believes, and

9  thereon alleges, that defendants have refused to provide said

10 information in order to conceal their misappropriation of net

11 profits.

12     14.  In addition, from on or about January of 2014 to the

13 present, defendants have rented, leased or otherwise made

14 available to themselves, the use and possession of the Artesia

15 Boulevard Property for their own purposes, businesses and profits,

16 to the exclusion of plaintiff.  Plaintiff is further informed and

17 believes, and thereon alleges, that defendants have, during this

18 time, not paid the partnership the fair rental value for the use

19 and possession of said property, and have instead paid the

20 partnership less than twenty-percent (20%) of the fair market

21 rental value.

22     15.  Because defendants have failed and refused to pay

23 plaintiff her share of the net profits earned from the leasing

24 and/or renting of the Artesia Boulevard Property, or to supply

25 plaintiff with an accounting of said net profits, or to pay the

26 fair market value for their use and possession of said property,

27 plaintiff has demanded that defendants purchase her share of the

28 Artesia Boulevard Property, or sell said property and dissolve the

1  partnership, but defendants have refused, and continue to refuse,

2  to do so.

### FIRST CAUSE OF ACTION

**(Dissolution of General At-Will Partnership**

**Pursuant to *California Corporations Code***

**Section 16801)**

16.  Plaintiff refers to, and incorporates herein by reference, paragraphs 1 through 15 of this complaint.

17.  Plaintiff has performed all terms and conditions required of her to be performed as a partner under the aforementioned Partnership Agreement, except those terms and conditions she may have been prevented or excused from performing by reason of the actions of defendants as alleged herein.

18.  Plaintiff is informed and believes, and thereon alleges, that by reason of the actions described herein, the economic purpose of the partnership is likely to be unreasonably frustrated.  Plaintiff is further informed and believes, and thereon alleges, that defendants have engaged in conduct related to the partnership business that makes it not reasonably practicable for plaintiff to carry on the business in continued partnership with defendants.  Plaintiff is further informed and believes, and thereon alleges, that it is not otherwise reasonably practicable to carry on the partnership business in conformity with the Partnership Agreement.  Accordingly, plaintiff contends that she is entitled to have the partnership dissolved, and its business be wound up.  Plaintiff is further informed and believes, and thereon alleges, that defendants dispute said contention.  As a result, a justiciable controversy exists between plaintiff on

EXHIBIT A  013

1  the one hand, and defendants on the other hand, for which a

2  judicial determination of the rights and duties of the parties is

3  required and appropriate.

4      19.  Accordingly, plaintiff requests a judicial determination

5  that she is entitled to have the partnership dissolved, and its

6  business wound up, pursuant to *California Corporations Code*

7  Section 16801(5).

8      20.  Based on the allegations set forth herein, plaintiff

9  hereby applies to this court for an order of judicial supervision

10  of the dissolution, winding up, and termination of the partnership

11  between her and defendants.

## SECOND CAUSE OF ACTION

### (Accounting)

14     21.  Plaintiff refers to, and incorporates herein by

15  reference, paragraphs 1 through 16, and 17 through 20 of this

16  complaint.

17     22.  Pursuant to the Partnership Agreement, as alleged above,

18  plaintiff was, and is, entitled to ten-percent (10%) of the net

19  profits earned from leasing and/or renting the Artesia Boulevard

20  Property from on and after the time she became a ten-percent (10%)

21  owner of an interest in the partnership, and is further entitled

22  to twenty-percent (20%) of the net profits earned from leasing

23  and/or renting the Artesia Boulevard Property from on and after

24  June 16, 2019, when she became the owner of a twenty-percent (20%)

25  interest in the partnership.  Because defendants are in sole

26  possession of the financial information relating to the

27  partnership, plaintiff is unable to ascertain her interest in said

28  net profits over the past five (5) years.  Furthermore, even

COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

EXHIBIT A  014

though plaintiff has demanded that defendants account to her for said net profits, as they are required to do under *California Corporations Code* Section 16404, and to provide her with information regarding the financial condition of the partnership business as they are required to do under *Corporations Code* Section 16503, and further to allow her to examine the partnership's books and records as they are required to do under *California Corporation's Code* Section 16403, defendants have failed and refused, and continue to fail and refuse, to comply with said demands.   Plaintiff is informed and believes, and thereon alleges, that defendants have misappropriated net profits of the partnership business in excess of their respective interests in said profits, and/or have concealed the same.

23.   Plaintiff is further informed and believes, and thereon alleges, that defendants have taken advantage of the partnership for their own benefit, and have wrongfully deprived the partnership of income and revenue rightfully due to it, by renting and/or leasing the Artesia Boulevard Property to themselves at a rate that is less than twenty-percent (20%) of the fair market value rental rate.   Accordingly, plaintiff requests that in providing an accounting to her, defendants should be required to account for and pay the rental income of which they have deprived the partnership, and particularly have deprived plaintiff, as to her twenty-percent (20%) interest.

**THIRD CAUSE OF ACTION**

**(Breach of Oral Contract)**

24.   Plaintiff refers to, and incorporates herein by reference, paragraphs 1 through 16, 17 through 20, and 22 through

EXHIBIT A  015

1 | 23 of this complaint.

2 |     25.  As described above, there has, since approximately 1995,

3 | existed an oral at-will partnership to purchase and then lease

4 | and/or rent the Artesia Boulevard Property for profit.

5 |     26.  Plaintiff has performed all terms and conditions

6 | required of her as a partner under the aforementioned Agreement,

7 | except such terms and conditions as she has been prevented or

8 | excused from performing by reason of the actions of defendants as

9 | alleged herein.

10 |     27.  Plaintiff is informed and believes, and thereon alleges,

11 | that defendants have breached the aforementioned oral Partnership

12 | Agreement by depriving the partnership of net profits that would

13 | have been earned from leasing/renting the Artesia Boulevard

14 | Property out at fair market rental value, by misappropriating net

15 | profits earned from the leasing and/or renting of said property,

16 | by concealing said net profits, and by failing and refusing to pay

17 | plaintiff her rightful share of said net profits, and further by

18 | failing and refusing to provide plaintiff with an accounting of

19 | said net profits.

20 |     28.  As a proximate result of the aforementioned breaches of

21 | contract by defendants, plaintiff has sustained economic damages

22 | in an amount to be determined at Trial, but in no event less than

23 | $100,000.00, plus prejudgment interest at the legal rate thereon.

24 | **FOURTH CAUSE OF ACTION**

25 | **(Breach of Fiduciary Duty)**

26 |     29.  Plaintiff refers to, and incorporates herein by

27 | reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

28 | and 25 through 27 of this complaint.

30. At all times relevant herein, because plaintiff and the defendants were all partners in the aforementioned partnership which owns the Artesia Boulevard Property, defendants owed plaintiff fiduciary duties of loyalty, care and good faith.

31. Plaintiff is informed and believes, and thereon alleges, that defendants have breached their fiduciary duties to her by, among other things:

(a) Self-dealing to the detriment of the partnership and to the detriment of plaintiff, in that they have rented and/or leased the Artesia Boulevard Property to themselves at a rate that is less than twenty-percent (20%) of the fair market rental value of the same;

(b) Misappropriating net profits earned from the leasing and/or renting of the Artesia Boulevard Property, in excess of their respective share of said profits;

(c) Concealing the net profits of the partnership;

(d) Failing to pay plaintiff her rightful share of the net profits of the partnership; and

(e) Failing and refusing to account for the financial affairs and net profits of the partnership.

32. As a proximate result of the wrongful conduct of defendants, as alleged herein, plaintiff has sustained economic damages in an amount to be determined at Trial, but in no event less than $100,000.00, plus prejudgment interest at the legal rate.

33. Plaintiff is informed and believes, and thereon alleges, that, in doing the things herein alleged, defendants have acted wilfully and maliciously, and with an intent to injure, vex and

1    annoy plaintiff, so as to constitute oppression, fraud and malice

2    within the meaning of *California Civil Code* Section 3294.

3    Accordingly, plaintiff is entitled to an award of exemplary

4    damages against defendants in an amount sufficient to punish and

5    detour them from engaging in such conduct in the future, as

6    determined by the court.

7    **FIFTH CAUSE OF ACTION**

8    **(Fraudulent Concealment)**

9    34.    Plaintiff refers to, and incorporates herein by

10    reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

11    25 through 27, and 30 through 31 of this complaint.

12    35.    Despite the partnership relationship, described herein,

13    that exists between plaintiff and defendants, plaintiff is

14    informed and believes that defendants have, over the past five (5)

15    years, intentionally failed to disclose to plaintiff the net

16    profits earned from the lease/rental of the Artesia Boulevard

17    Property, and have prevented plaintiff from discovering said facts

18    by refusing her access to the partnership books and records, such

19    that plaintiff could not possibly know of the concealed

20    information.

21    36.    Plaintiff is informed and believes, and thereon alleges,

22    that defendants intended to deceive plaintiff by concealing the

23    aforementioned information, and that had the concealed information

24    been disclosed, plaintiff could have taken reasonable measures to

25    protect herself.

26    37.    As a proximate result of the wrongful conduct of

27    defendants, as alleged herein, plaintiff has sustained economic

28    damages in an amount to be determined at Trial, but in no event

-11-
COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

1    less than $100,000.00, plus prejudgment interest at the legal

2    rate.

3         38.   Plaintiff is informed and believes, and thereon alleges,

4    that, in doing the things herein alleged, defendants have acted

5    wilfully and maliciously, and with an intent to injure, vex and

6    annoy plaintiff, so as to constitute oppression, fraud and malice

7    within the meaning of *California Civil Code* Section 3294.

8    Accordingly, plaintiff is entitled to an award of exemplary

9    damages against defendants in an amount sufficient to punish and

10   detour them from engaging in such conduct in the future, as

11   determined by the court.

12                    **SIXTH CAUSE OF ACTION**

13                    **(Constructive Fraud)**

14        39.   Plaintiff refers to, and incorporates herein by

15   reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

16   25 through 27, 30 through 31, and 35 through 36 of this complaint.

17        40.   Defendants were fiduciaries toward plaintiff in

18   connection with the partnership business, as alleged herein.

19   Plaintiff is informed and believes, and thereon alleges, that

20   defendants nonetheless misled plaintiff by failing to provide her

21   with complete and accurate information that they possessed

22   relating to the net profits earned from leasing and/or renting the

23   Artesia Boulevard Property.  Defendants knew, or at least should

24   have known, that plaintiff did not have access to said

25   information.

26        41.   As a proximate result of the wrongful conduct of

27   defendants, as alleged herein, plaintiff has sustained economic

28   damages in an amount to be determined at Trial, but in no event

EXHIBIT A   019

1  less than $100,000.00, plus prejudgment interest at the legal

2  rate.

3      42.  Plaintiff is informed and believes, and thereon alleges,

4  that, in doing the things herein alleged, defendants have acted

5  wilfully and maliciously, and with an intent to injure, vex and

6  annoy plaintiff, so as to constitute oppression, fraud and malice

7  within the meaning of *California Civil Code* Section 3294.

8  Accordingly, plaintiff is entitled to an award of exemplary

9  damages against defendants in an amount sufficient to punish and

10  detour them from engaging in such conduct in the future, as

11  determined by the court.

12  **SEVENTH CAUSE OF ACTION**

13  **(Conversion)**

14      43.  Plaintiff refers to, and incorporates herein by

15  reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

16  25 through 27, 30 through 31, 35 through 36, and 40 of this

17  complaint.

18      44.  From the time of plaintiff's divorce from Jayesh Shah in

19  or about 2005, she has had a right to possess ten-percent (10%) of

20  the net profits earned from leasing and/or renting the Artesia

21  Boulevard Property, as alleged above.  From on and after June 16,

22  2019, plaintiff has had a right to possess twenty-percent (20%) of

23  the net profits earned from leasing and/or renting said property,

24  as alleged above.  Plaintiff is informed and believes, and there

25  on alleges, that defendants have substantially interfered with her

26  property interest in said net profits, by knowingly and/or

27  intentionally taking possession of said profits and refusing to

28  pay them to plaintiff, despite her demands therefor.  This

1 | wrongful conduct was committed without plaintiff's consent.

2 |     45. As a proximate result of the wrongful conduct of

3 | defendants, as alleged herein, plaintiff has sustained economic

4 | damages in an amount to be determined at Trial, but in no event

5 | less than $100,000.00, plus prejudgment interest at the legal

6 | rate.

7 |     46. Plaintiff is informed and believes, and thereon alleges,

8 | that, in doing the things herein alleged, defendants have acted

9 | wilfully and maliciously, and with an intent to injure, vex and

10 | annoy plaintiff, so as to constitute oppression, fraud and malice

11 | within the meaning of *California Civil Code* Section 3294.

12 | Accordingly, plaintiff is entitled to an award of exemplary

13 | damages against defendants in an amount sufficient to punish and

14 | detour them from engaging in such conduct in the future, as

15 | determined by the court.

16 | **EIGHTH CAUSE OF ACTION**

17 | **(Money Had and Received)**

18 |     47. Plaintiff refers to, and incorporates herein by

19 | reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

20 | 25 through 27, 30 through 31, 35 through 36, 40, and 44 of this

21 | complaint.

22 |     48. Within the last two (2) years, defendants have become

23 | indebted to plaintiff in the sums described above, for money had

24 | and received by them for the use and benefit of plaintiff.

25 |     49. The whole of these sums has not been paid, although

26 | demand therefor has been made, and there is now due, owing and

27 | unpaid the sums set forth above, in an amount to be proven at

28 | Trial, but no less than $100,000.00.

1

## NINTH CAUSE OF ACTION

2

### (Unjust Enrichment)

3      50.  Plaintiff refers to, and incorporates herein by

4  reference, paragraphs 1 through 16, 17 through 20, 22 through 23,

5  25 through 27, 30 through 31, 35 through 36, 40, 44, and 48

6  through 49 of this complaint.

7      51.  As described herein, defendants have rented/leased the

8  Artesia Boulevard Property to themselves for their own business

9  purposes, use and possession, at a rate that is less than twenty-

10  percent (20%) of the fair market value rental rate for said

11  property.   This has enabled defendants to unjustly enrich

12  themselves at the expense of the partnership, and at plaintiff's

13  expense to the extent of her ownership interest in the

14  partnership.  Said unjust enrichment has been ongoing for at least

15  the past five (5) years.  Furthermore, defendants have wrongfully

16  concealed said unjust enrichment from plaintiff as described

17  herein.

18      52.  Based on the foregoing, defendants have been unjustly

19  enriched, at plaintiff's expense, in an amount to be determined at

20  Trial, but in no event less than $100,000.00, plus prejudgment

21  interest at the legal rate.

22      WHEREFORE, defendant prays for judgment herein as follows:

23

### ON THE FIRST CAUSE OF ACTION

24      1.   For a judicial determination, declaration and decree

25           that plaintiff has a right, based on the facts alleged

26           herein, to have the subject partnership dissolved;

27      2.   For an Order directing or confirming the dissolution of

28           the partnership, and fixing the date of dissolution;

COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

EXHIBIT A  022

3.   For judicial supervision of the winding up of the business affairs of the partnership; and

4.   For a final Judgment terminating the partnership.

### ON THE SECOND CAUSE OF ACTION

1.   For an Order that an accounting be taken of the net profits earned from the leasing and/or renting of the Artesia Boulevard Property from 1/11/14 to the present; and

2.   For a further Order that an accounting be taken of the net profits that should have been earned from the leasing and/or renting of the Artesia Boulevard Property from 1/1/14 to the present, had defendants been paying the fair market rental value for the same.

### ON THE THIRD CAUSE OF ACTION

1.   For damages in an amount according to proof, but no less than $100,000.00.

### ON THE FOURTH CAUSE OF ACTION

1.   For damages in an amount according to proof, but no less than $100,000.00;

2.   For general non-economic damages in an amount according to proof; and

3.   For punitive and exemplary damages, to be determined by the Court.

### ON THE FIFTH CAUSE OF ACTION

1.   For damages in an amount according to proof, but no less than $100,000.00;

2.   For general non-economic damages in an amount according to proof; and

COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

EXHIBIT A  023

1    3.    For punitive and exemplary damages, to be determined by
2          the Court.

3                    **ON THE SIXTH CAUSE OF ACTION**

4    1.    For damages in an amount according to proof, but no less
5          than $100,000.00;

6    2.    For general non-economic damages in an amount according
7          to proof; and

8    3.    For punitive and exemplary damages, to be determined by
9          the Court.

10                  **ON THE SEVENTH CAUSE OF ACTION**

11   1.    For damages in an amount according to proof, but no less
12         than $100,000.00;

13   2.    For general non-economic damages in an amount according
14         to proof; and

15   3.    For punitive and exemplary damages, to be determined by
16         the Court.

17                   **ON THE EIGHTH CAUSE OF ACTION**

18   1.    For damages in an amount according to proof, but no less
19         than $100,000.00.

20                   **ON THE NINTH CAUSE OF ACTION**

21   1.    For damages in an amount according to proof, but no less
22         than $100,000.00.

23                    **ON ALL CAUSES OF ACTION**

24   1.    For prejudgment interest at the legal rate, according to
25         proof;

26   2.    For costs of suit herein incurred; and

27   / / /

28   / / /

1     3.    For such other and further relief as the Court may deem

2           just and proper.

3

4   DATED:     October 24, 2019

5

6                                    _____
                                     ROBERT M. ORR
7                                    Attorney for Plaintiff,
                                     SANDHYA SHAH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ETC.

EXHIBIT A  025

# Ex. "A"

EXHIBIT A  026

# PARTNERHIP AGREEMENT

THIS AGREEMENT is made by and between **Rashmi Shah** and **Kusum Shah** husband and wife, who together hold a sixty percent (60%) partnership interest, **Virendra Shah** and **Urvashi Shah**, husband and wife, who together hold a twenty percent (20%) partnership interest, **Jayesh Shah** a single man, who holds a ten percent partnership (10%) interest and **Sandhya Shah** a single woman, who holds a ten percent (10%) partnership interest in Shah Artesia R.E. Partnership, hereinafter referred to as "Partnership".

WHEREAS, this "Partnership" owns Real Property located at 821 East Artesia Blvd., Carson CA 90746.

WHEREAS all parties agree that Partner Jayesh Shah knowingly and willingly shall, for no compensation, forgo his ten percent (10%) interest in the "partnership" in favor of Sandhya Shah, who upon the execution of this agreement shall hold a twenty percent (20%) interest in the partnership.

FURTHERMORE, all partners agree that they have no objection to the transfer of this interest from **Jayesh Shah** to **Sandhya Shah**.

This Agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives.

Executed this _16th_ day of ~~May~~ _JUNE_ 2019 at ____Harbor City - CALIF____

_____        _____
Rashmi Shah                          Kusum Shah

_____        _____
Virendra Shah                        Urvashi Shah

_____        _____
Jayesh Shah                          Sandhya Shah

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Los Angeles _____ )

On ___ June 16th 2019 _____ before me, __ Sunil C. Shah Notary Public _____

<span style="text-align:center">(insert name and title of the officer)</span>

personally appeared ___ Jayesh Shah and Sandhya Shah _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

SUNIL C. SHAH
COMM. # 2238898
NOTARY PUBLIC ● CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. MAY 18, 2022

Signature ___ R   C   Sh ___    (Seal)

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On ___ June 16th 2019 _____ before me, ___ Sunil C. Shah Notary Public _____
(insert name and title of the officer)

personally appeared ___ Rashmi Shah, Kusum Shah, Virendra Shah and Urvashi Shah _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SUNIL C. SHAH
COMM. # 2238898
NOTARY PUBLIC ● CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. MAY 18, 2022

Signature _____ (Seal)

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I have read the foregoing <u>COMPLAINT FOR DISSOLUTION OF PARTNERSHIP, ACCOUNTING, BREACH OF ORAL CONTRACT,</u>
<u>BREACH OF FIDUCIARY DUTY, FRAUDULENT CONCEALMENT, CONSTRUCTIVE FRAUD, CONVERSION, ETC.</u> and know its contents.

[X] **CHECK APPLICABLE PARAGRAPHS**

[X]   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on _____*10/24/19*_____ , at *Long Beach*_____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>SANDHYA SHAH</u>                                           *Sandhya Shah*
            Type or Print Name                                         Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

    I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

_____

    On, _____ , I served the foregoing document described as _____

_____

_____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

    [ ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

    [ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business. I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[ ]    **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____         _____
       Type or Print Name                                 Signature
                                        *(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)


Legal
Solutions
& Plus      Rev. 7/99

EXHIBIT A 030

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Compton Courthouse
200 West Compton Blvd, Rm 902, Compton, CA 90220

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td>
<td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**10/25/2019**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Sarita Campbell _____ Deputy

</td></tr>
</table>

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 19CMCP00179 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Maurice A. Leiter | A | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 10/25/2019
    (Date)                                      By Sarita Campbell _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/25/2019 01:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Campbell,Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ROBERT M. ORR                    (#90039)<br>Attorney at Law<br>6700 E. Pacific Coast Hwy.<br>Suite 285<br>Long Beach, CA 90803<br>TELEPHONE NO.: (562) 594-7800   FAX NO.: (562) 594-7833<br>ATTORNEY FOR (Name): Plaintiff, SANDHYA SHAH | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 200 W. Compton Blvd.
MAILING ADDRESS
CITY AND ZIP CODE: Compton, CA 90220
BRANCH NAME: SOUTH CENTRAL DISTRICT

CASE NAME: SHAH v. SHAH, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CMCP00179 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [X] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 24, 2019

ROBERT M. ORR                                           ▶ _(signature)_
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT A  033

SHORT TITLE: SHAH v. SHAH, et al.     CASE NUMBER

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☒ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT A  034

| SHORT TITLE: SHAH v. SHAH, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☒8. ☐9. ☐10. ☐11. | ADDRESS: 821 E. Artesia Blvd. |
|---|---|
| CITY: <br>Carson | STATE: <br>CA | ZIP CODE: <br>90746 |

**Step 5:** **Certification of Assignment: I** certify that this case is properly filed in the <u>SOUTH CENTRAL</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>October 24, 2019</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
ROBERT M. ORR, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

EXHIBIT A  035

**EXHIBIT B**

Electronically FILED by Superior Court of California, County of Los Angeles on 08/07/2020 04:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Luu,Deputy Clerk

1  Navneet S. Chugh (State Bar #162050)
2  Nishita Patel (State Bar #189039)
   **CHUGH, LLP**
3  15925 Carmenita Road
4  Cerritos, California 90703
   Telephone:  (562) 229-1220
5  Facsimile:  (562) 229-1221

6

7  Attorneys for Defendants and Cross-Complainants, Rashmi Shah, Virendra Shah, Kusum Shah,
   Urvashi Shah;  Defendants-In-Intervention And Cross-Complainants-In-Intervention, Jayesh Shah
8  and Xiomara Barrera

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF LOS ANGELES**

11

12  SANDHYA SHAH                         Case No. 19CMCP00179

13              Plaintiff,
                                         **NOTICE OF PROPOSED DEFENDANTS-IN-**
14     v.                                **INTERVENTION AND CROSS-**
                                         **COMPLAINANTS-IN-INTERVENTION,**
15  RASHMI SHAH, VIRENDRA SHAH,          **JAYESH SHAH AND XIOMARA**
16  KUSUM SHAH, URVASHI SHAH, AND        **BARRERA'S MOTION FOR LEAVE TO**
                                         **INTERVENE AND MOTION FOR LEAVE**
17  DOES 1 through 10, inclusive,        **TO INTERVENE**

18              Defendants.

19  ─────────────────────────

20  And Related Cross-Action             Reservation ID: 778062318985

21

22                                       Date: 10-08-2020
                                         Time: 9:00 AM
23                                       Dept:  A
                                         Date Action Filed: 10/25/2019

24

25  TO:  Plaintiff SANDHYA SHAH and her Attorney of Record, Defendants RASHMI SHAH,

26  VIRENDRA SHAH, KUSUM SHAH, URVASHI SHAH:

27         NOTICE IS HEREBY GIVEN that on October 8, 2020, at 9:00 AM in Department A of

28  this Court located at 200 W. Compton Blvd, Compton, CA 90220, Jayesh Shah and Xiomara

                                   - 1 -

─────────────────────────────────────────────────

Notice Of Proposed Defendants-In-Intervention And Cross-Complainants-In-Intervention, Jayesh Shah and Xiomara
Shah's Motion For Leave To Intervene

Chugh, LLP
15925 Carmenita Road
Cerritos, CA 90703

1   Barrera will move, and hereby move, for an order granting leave to intervene in this action as

2   defendants-in-intervention and cross-complainants-in-intervention and to file the accompanying

3   proposed answers-in-intervention and proposed cross-complaint-in-intervention in this action.

4        The motion will be made pursuant to the provisions of California Code of Civil Procedure

5   Section 387 on the ground that the intervenors have an interest in the matter in litigation, and claim

6   an interest relating to the property which is the subject of the action, and that persons are so

7   situated that the disposition of the action may as a practical matter impair or impede that person's

8   ability to protect that interest.

9        The motion will be based on this motion and notice of motion; on the proposed answers-in-

10  intervention, proposed cross-complaint-in-intervention, the memorandum of points and authorities

11  served and filed herewith; on the papers and records on file in this action; declaration of Nishita

12  Patel, joint declaration of Virendra Shah, Rashmi Shah, Kusum Shah and Urvashi Shah,

13  declaration of Jayesh Shah, declaration of Xiomara Barrera and on such other oral and

14  documentary evidence as may be presented at the hearing on the motion.

15

16  Respectfully submitted,

17                                          **CHUGH, LLP**

18

19

20  August 6, 2020                          By: _____

21                                          Nishita Patel, Esq.
                                            Attorney for Jayesh Shah and Xiomara Barrera

22

23

24

25

26

27

28                                          - 2 -

---

Notice Of Proposed Defendants-In-Intervention And Cross-Complainants-In-Intervention, Jayesh Shah and Xiomara
Shah's Motion For Leave To Intervene

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

Chugh, LLP
15925 Carmenita Road
Cerritos, CA 90703

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## INTRODUCTION

Proposed Defendants-in-intervention and Cross-Complainants-in-intervention, Jayesh Shah ("Mr. Shah") and Xiomara Barrera ("Ms. Barrera") move this Court for leave to intervene in this action, to present their Answers-in-intervention and Cross-Complaint-in-intervention denying Plaintiff's claims and alleging causes of action against Plaintiff, Sandhya Shah ("Plaintiff") for declaratory relief and unjust enrichment.  Mr. Shah is entitled to intervene as a matter of right under CCP section 387(b) because he has an interest in this action as a holder of 10% interest in the partnership and the real property that is the subject of this litigation, located at 821 E. Artesia Blvd., Carson, California (hereinafter "Property"). Ms. Barrera is entitled to intervene as Mr. Shah's wife and thereby has an interest in the enhanced value of Mr. Shah's interest in the Property.  Any disposition of Plaintiff's action without Mr. Shah's and Ms. Barrera's participation will, impair or impede Mr. Shah's and Ms. Barrera's ability to protect their interest in the Property. Mr. Shah and Ms. Barrera are also united with Defendants Rashmi Shah, Kusum Shah, Virendra Shah and Urvashi Shah, in resisting Plaintiff's efforts to enforce the alleged Partnership Agreement dated September 6, 2019 (as defined below).  For these reasons, this Court should grant Mr. Shah and Ms. Barrera leave to intervene pursuant to CCP section 387.

## II.

## STATEMENT OF FACTS

On or around September 1995, three brothers Rashmi Shah, Virendra Shah and Jayesh Shah  formed a general partnership - Shah Artesia R.E. Partnership ("Partnership") to acquire the Property, as an owner/user property, such that Rashmi Shah and his wife, Kusum Shah jointly own 60% interest in the Partnership, Virendra Shah and his wife, Urvashi Shah jointly own 20% interest in the Partnership and Jayesh Shah and his ex-wife, Sandhya Shah jointly own 20% interest in the Partnership. (See Declaration of Mr. Shah, Exhibit A) Pursuant to the partnership agreement dated September 5, 1995, each partner occupied the Property, conducted their respective business activities at the Property and paid their portion of all property relevant

- 1 -

1    expenses such as mortgage payment, property taxes, insurance, utility charges, maintenance and

2    other Property related expenses. (See Declaration of Mr. Shah, ¶ 4)

3        Pursuant to the Judgement of Dissolution of Marriage of Mr. Shah and Plaintiff dated

4    September 15, 2005, the joint tenancy ownership of their 20% interest in the Property was

5    converted to tenants in common, and as of July 2005, Plaintiff and Mr. Shah each owned a ten-

6    percent (10%) interest in the Property and the Partnership.(See Declaration of Mr. Shah, ¶ 5)

7        Ms. Barrera is Mr. Shah's wife. Mr. Shah and Ms. Barrera have been married since

8    September 18, 2014. (See Declaration of Mr. Shah, ¶ 7)

9        In this lawsuit, Plaintiff claims that pursuant to the partnership agreement dated June 16,

10    2019 ("Partnership Agreement dated June 16, 2019"), Mr. Shah transferred his 10% interest in the

11    Partnership to her, and thereby she owns 20% interest in the Partnership. (Complaint ¶ 11 , Exhibit

12    A) Based thereon, Plaintiff alleges causes of action for dissolution of partnership, accounting,

13    breach of fiduciary duty, fraudulent concealment, constructive fraud, conversion, money had and

14    received and unjust enrichment against Rashmi Shah, Kusum Shah, Virendra Shah and Urvashi

15    Shah (hereinafter collectively referred to as "Defendants").

16        On or about June 16, 2019, Mr. Shah was critically ill and was hospitalized at the Kaiser

17    Permanente Hospital with a condition called hepatic encephalopathy, which is a decline in brain

18    function that occurs as a result of severe liver disease. (see Declaration of Mr. Shah, ¶8;

19    Declaration of Ms. Barrera, Exhibit B, ¶¶ 4-5) Plaintiff did not pay any consideration to Mr. Shah

20    for the alleged transfer of his 10% interest in the Partnership and Property to her; (see Declaration

21    of Mr. Shah, ¶11; Complaint, Exhibit A)  Ms. Barrera did not sign or consent to the alleged

22    transfer of Mr. Shah's interest in the Partnership and Property.  (see Declaration of Ms. Barrera, ¶

23    6).

24        While Defendants were visiting Mr. Shah at hospital, Plaintiff presented the alleged

25    Partnership Agreement dated June 16, 2019 with her signature and Mr. Shah's signature and

26    requested Defendants to sign and agree that "they have no objection to the transfer of this interest

27    from Jayesh Shah to Sandhya Shah." (See Joint Declaration of Defendants, Exhibit C, ¶9)

28    Defendants did not see Mr. Shah sign the alleged Partnership Agreement dated June 16, 2019. (See

- 2 -

Clugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

1  Joint Declaration of Defendants, ¶¶ 6-7) Plaintiff was present at the hospital with a notary public.

2  (See Joint Declaration of Defendants, ¶8)

3                                        III.

4                            **LEGAL ARGUMENT**

5  **A.    MR. SHAH IS ENTITLED TO INTERVENE IN THIS ACTION AS A MATTER OF
        RIGHT.**

6

7      California Code of Civil Procedure ("CCP") section 387 governs the grounds for

   intervening in a pending action. CCP §387(d)(1) provides:

8      ***The court shall, upon timely application, permit a nonparty to intervene in the
       action or proceeding if*** either of the following conditions is satisfied:

9

10     (A)  A provision of law confers an unconditional right to intervene.
       (B)  ***The person seeking intervention claims an interest relating to the property
11     or transaction that is the subject of the action and that person is so situated that
       the disposition of the action may impair or impede that person's ability to protect
12     that interest,*** unless that person's interest is adequately represented by one or more
       of the existing parties. (emphasis added)

13

14     The purpose of allowing intervention is to promote fairness by involving all parties

15  potentially affected by a judgment. *Catello v. I.T.T. General Controls* (1984) 152 Cal. App. 3d

16  1009, 1013.   CCP §387 has been liberally construed in favor of allowing intervention and the

17  Court has broad discretion to permit intervention.

18     **1.  Mr. Shah Has An Interest In The Property That Is The Subject Matter Of This
           Litigation.**

19

20     Mr. Shah managed his and Plaintiff's 20% joint interest in the Partnership and the Property

21  prior to 2005. After the dissolution of his marriage with Plaintiff, Mr. Shah continued to own his

22  10% interest in the Partnership and the Property and managed his interest in the Partnership and

23  the Property. Based on the alleged Partnership Agreement dated June 16, 2019, Plaintiff and Mr.

24  Shah signed the alleged Partnership Agreement dated June 16, 2019, on June 16, 2019 in the

25  presence of a notary public.  However, on June 16, 2019, Mr. Shah was critically ill and was

26  hospitalized with hepatic encephalopathy at Kaiser Permanente Hospital, with very low chance of

27  recovery. He was severely medicated and was incapable of signing the alleged Partnership

28

                                    - 3 -

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

1  Agreement dated June 16, 2019. On June 16, 2019, when Defendants visited Mr. Shah at the
2  hospital, Plaintiff was present at the hospital with a notary public.  However, Defendants did not
3  see Mr. Shah sign the alleged Partnership Agreement dated June 16, 2019.

4  Even if Mr. Shah signed it, he was incapable of comprehending the nature, consequences or
5  purpose of the alleged Partnership Agreement dated June 16, 2019.  "A party is entitled to
6  rescission of a contract if, when he entered into the contract, he was not mentally competent to deal
7  with the subject before him with a full understanding of his rights, the test being, in each instance,
8  whether he understood the nature, purpose and effect of what he did." Civ. Code, § 39, as
9  interpreted in *Pomeroy v. Collins* (1926) 198 Cal. 46, 69, 243 P. 657; *Drum v. Bummer* (1946) 77
10  Cal.App.2d 453, 460.  Further, based on the alleged Partnership Agreement dated June 16, 2019, it
11  is clear that Plaintiff did not pay any consideration to Mr. Shah for the transfer of his 10% interest
12  in the Partnership and the Property to her.  Neither was there any consideration in the form of act
13  or forbearance to act. "The purported agreement is "void for want of consideration, and for want of
14  mutuality, as well as the mental incapacity of plaintiff." (*Drum v. Bummer* (1946) 77 Cal.App.2d
15  453, 456 [175 P.2d 879].) Therefore, the alleged Partnership Agreement dated June 16, 2019 is not
16  binding and is unenforceable. Civil Code §1150

17  Based on the foregoing, the alleged Partnership Agreement dated June 16, 2019 is void and
18  unenforceable. Mr. Shah owns 10% interest in the Property and the Partnership, which is the
19  subject of this action.

20  **2.  Jayesh Shah's Interests Will Be Impaired By This Litigation.**

21  Pursuant to CCP §387(d)(1)b, parties seeking to intervene as a matter of right must also
22  show that "disposition of the action may as a practical matter impair and impede" their ability to
23  protect their interests. "The standard under Code of Civil Procedure section 387, subdivision (b) is
24  not whether, absent intervention, disposition of the action will *destroy* the putative intervener's
25  interest in the property or transaction which is the subject of the underlying lawsuit. Rather, the
26  standard is whether disposition of the action will *as a practical matter impair or impede* the
27  intervener's *ability to protect* that interest." *Hodge v. Kirkpatrick Development, Inc.* (2005) 130
28  Cal. App. 4th 540, 554.

- 4 -

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

1    The instant litigation would substantially impair Mr. Shah's interest in the Partnership and
2    the Property. Defendants may not be able to dispute the validity and enforceability of the alleged
3    Partnership Agreement dated June 16. 2019, since Defendants signed it. If intervention is not
4    granted and given that Defendants may not be able to dispute the validity and enforceability of the
5    alleged Partnership Agreement dated June 16. 2019, the potential judgment or settlement between
6    the parties will be based on Plaintiff's claim of purported 20% interest in the Partnership and the
7    Property, in which case Mr. Shah's ownership interest in the Partnership and the Property will be
8    totally disregarded. This will substantially impair and prejudice Mr. Shah's interests. Further, Mr.
9    Shah will be forced to file multiple litigation against Plaintiff and Defendants to protect his
10    interest. "Intervention would, however, be necessary to serve the legislative purpose of preventing
11    multiple litigation." *Hodge, supra.*

12    **3. Jayesh Shah's Interest Is Not Adequately Represented.**

13    Once a proposed intervenor has shown that he has an interest in the subject matter of an
14    action, and that disposition of the action could impair or impede its ability to protect that interest,
15    then intervention must be granted unless that person's interest is adequately represented by
16    existing parties. CCP §387(b). A proposed intervenor need not prove with certainty that
17    representation by existing parties will be inadequate. Rather, this prong of the intervention
18    standard will be satisfied "if the applicant shows that representation of his interest 'may be'
19    inadequate; and the burden of making that showing should be treated as minimal." *Lewis v. County*
20    *of Sacramento* (1990) 218 Cal. App. 3d 214, 219 [quoting *Trbovich v. United Mine Workers of*
21    *America* (1972) 404 U.S. 528, 538 fn. 10].

22    In this case, Mr. Shah's interest is not adequately represented. Plaintiff has prayed for
23    dissolution of Partnership, accounting etc., for significant amount of damages alleging that such be
24    calculated based on her purported ownership of 20% in the Partnership. Thus, Plaintiff's position
25    in this litigation conflicts with Mr. Shah's position. While Defendants, have challenged the validity
26    of the Partnership agreement dated June 16, 2019, as well as the transfer of interest in the
27    Partnership and Property from Mr. Shah to Plaintiff, Defendants may not be successful because
28    they signed the alleged Partnership Agreement dated June 16, 201, and thereby, agreed that "they

- 5 -

1  have no objection to the transfer of this interest from Jayesh Shah to Sandhya Shah." As such

2  Defendants may not be successful in protecting Mr. Shah's interest.

3      **4. Jayesh Shah's Motion For Leave To Intervene Is Timely.**

4          This case was filed in October 2019 and trial is not set. Mr. Shah is informed and believes

5  that no significant discovery has taken place which would need to be redone once the intervention

6  is granted. This request for leave to intervene is filed timely and the intervention at this stage of

7  litigation will not prejudice the existing parties nor slow the progress of the case.

8          CCP §387(b) "is in substance the exact counterpart" to Federal Rule of Civil Procedure

9  §24(a), and California courts accordingly look to federal case law to determine section 387(b)'s

10  "meaning, force and effect." *Siena Court Homeowners Ass'n v. Green Valley Corp.* (2008) 164

11  Cal. App. 4th 1416, 1423. The requirements for intervention, including timeliness, are construed

12  broadly in favor of the party seeking intervention. *Westlands Water Dist. v. U.S.* (9th Cir. 1983)

13  700 F.2d 561, 563. When analyzing the timeliness of a motion to intervene, "the focus is on the

14  date the person attempting to intervene should have been aware his interest[s] would no longer be

15  protected adequately by the parties, rather than the date the person learned of the litigation."

16  *Officers for Justice v. Civil Service Comm'n* (9th Cir. 1991) 934 F.2d 1092, 1095; *United Airlines,*

17  *Inc. v. McDonald* (1977) 432 U.S. 385, 394.

18          Here, Mr. Shah immediately filed this motion for leave to intervene after he felt that his

19  interest may not be adequately represented by Defendants. Further this motion is filed at the

20  earliest stage of litigation. Entering the lawsuit at this juncture will not interfere with the timely

21  prosecution of the litigation, nor would it cause any undue delay or prejudice to existing parties.

22  *Citizens for Balanced Use v. Mont. Wilderness Ass'n* (9th Cir. 2011) 647 F.3d 893, 897–98

23  (intervention timely, since intervention would not disrupt or delay proceedings).

24          Based on the foregoing, it is clear that Mr. Shah owns 10% interest in the Partnership and

25  the Property, which is the subject of this action. He has complied with all the requirements of CCP

26  §387(d)(1). Further, California courts have held that, in an action to dissolve a partnership, all

27  partners must be made parties, as "the relief could not be granted without affecting their interest."

28

Chugh, LLP
15925 Camenita Road.
Cerritos, CA 90703

- 6 -

1    *Settembre v. Putnam* (1866) 30 Cal. 490, 497; *Rudnick v. Delfino* (1956) 140 Cal. App. 2d 260,

2    265. Accordingly, this Court should permit Mr. Shah's intervention as a matter of right.

3    **B.    IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION
         AND PERMIT MR. SHAH TO INTERVENE IN THIS ACTION.**

4        In the alternative, Mr. Shah should be permitted to intervene under Code of CCP §

5    387(d)(2), which provides:

6        *The court may, upon timely application, permit a nonparty to intervene in the*

7        *action or proceeding if the person has an interest in the matter in litigation*, or
         in the success of either of the parties, or an interest against both. (emphasis added)

8        In *City and County of San Francisco v. State of California*, 128 Cal. App. 4th 1030, the

9    court outlined general guidelines for allowing permissive intervention.  Trial courts have discretion

10   to allow a party to intervene where following factors are met: (1) the nonparty has a direct and

11   immediate interest in the action; (2) the intervention will not enlarge the issues in the litigation; (3)

12   the reasons for the intervention outweigh any opposition by the parties presently in the action; and

13   (4) the proper procedures have been followed. The permissive intervention statute balances the

14   interests of others who will be affected by the judgment against the interests of the original parties

15   in pursuing their litigation unburdened by others.  *San Francisco*, supra at 1036. All of these

16   factors support intervention in this case.

17       **1)  Mr. Shah Has A Direct And Immediate Interest In This Case**

18       "To support permissive intervention, it is well settled that the proposed intervener's interest

19   in the litigation must be direct rather than consequential, and it must be an interest that is capable

20   of determination in the action. [Citations.] The requirement of a direct and immediate interest

21   means that the interest must be of such a direct and immediate nature that the moving party '"will

22   either gain or lose by the direct legal operation and effect of the judgment." [Citation.]' 'A person

23   has a direct interest justifying intervention in litigation where the judgment in the action of itself

24   adds to or detracts from his legal rights without reference to rights and duties not involved in the

25   litigation. [Citation.]' [Citation.]" *San Francisco*, supra 128 Cal. App. 4th 1030, 1037.

26       Here, Mr. Shah's legal interest is direct and immediate because it directly relates to his

27   interest in the Property and Partnership. Mr. Shah's ownership right is jeopardized by this lawsuit.

28

- 7 -

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

1   Therefore, Mr. Shah's interests qualify for permissive intervention.

2   **2) Mr. Shah's Intervention Will Not Enlarge The Issues In The Litigation**

3   In this action, Plaintiff's causes of action and her claim for damages are based on the

4   alleged Partnership Agreement dated June 16, 2019.  While via intervention, Mr. Shah challenges

5   the validity and enforceability of the alleged Partnership Agreement dated June 16, 2019, it does

6   not enlarge the scope of litigation. Even if Mr. Shah introduces new causes of action, such new

7   matters will not delay the present litigation, change the position of the parties, or even require

8   introduction of additional evidence.  Rather the cause of action for declaratory relief seeks to

9   clarify the rights and obligations of the parties with respect to the Property and would be based on

10   the same facts as the existing parties claim. As such the intervention is appropriate.  *Simpson*

11   *Redwood Co . v. State of Cal.* (1987) 196 Cal. App. 3d 1192, 1202.

12   **3) Mr. Shah's Intervention Does Not Prejudice The Rights Of Parties Involved.**

13   "The purposes of intervention are to protect the interests of those who may be affected by

14   the judgment [Citations] and to obviate delay and multiplicity of actions [Citations], but

15   intervention may be denied if these objectives are outweighed by the rights of the original parties

16   to conduct their lawsuit on their own terms [Citations.]" *County of San Bernardino v. Harsh*

17   *California Corp.* (1959) 52 Cal. 2d 341, 345.

18   Here, Mr. Shah's interest in the Partnership and the Property is directly at issue in this

19   lawsuit and his participation as a party will assist in securing a judgment on issues that are

20   common to all parties involved.  No prejudice to the rights of either Plaintiff or Defendants will

21   result from Mr. Shah's participation as a party.  If Mr. Shah's intervention is disregarded, any

22   judgment or settlement in this action will be based on Plaintiff's claim of purported 20% interest in

23   the Partnership and the Property.  As a result, Mr. Shah will be forced to file multiple litigations

24   against Plaintiff and Defendants to protect his interest.   Mr. Shah's reasons of intervention are

25   consistent with the purpose of intervention.

26   **4) Mr. Shah Has Followed Proper Procedures.**

27   Mr. Shah's motion for leave to intervene sets forth the grounds upon which the intervention

28   rests, filed by leave of the Court and served upon the parties.  Also, a true and correct copy of the

- 8 -

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

1  proposed answer-in-intervention and proposed cross-complaint-in-intervention are attached as

2  Exhibit A and C respectively, to the Declaration of Nishita Patel, filed herein. Further, the cross-

3  complaint-in-intervention sets forth the specific grounds and factual bases for intervention is a

4  matter of right under CCP §387(d)(1), and as a matter of discretion under CCP §387(d)(2).

5  **C.    MS. BARRERA IS ENTITLED TO INTERVENE IN THIS ACTION AS A MATTER
       OF RIGHT.**

6

7  Since September 2014, Ms. Barrera has been Mr. Shah's wife. As stated supra, the

   Partnership was formed and the Property was acquired in September 1995 and as of September
8
   2005, Mr. Shah had 10% interest in the Property and the Partnership. As such, Mr. Shah's 10%
9
   interest in the Property and the Partnership is a separate property. However, a community property
10
   interest can be created in a separate property pursuant to *Pereira v. Pereira* (1909) 156 Cal. 1; *Van*
11
   *Camp v. Van Camp* (1921) 53 Cal. App. 17.
12
        Ms. Barrera claims that the value of Mr. Shah's interest in the Property and the Partnership
13
   increased since her marriage to Mr. Shah and such enhanced value attributed to Mr. Shah's skill
14
   and ability, is Mr. Shah's and Ms. Barrera's community property. *Marriage of Ney* (1963) 212
15
   Cal. App. 2d 891, 899; *In re Marriage of Denney* (1981) 115 Cal. App. 3d 543. As such, Ms.
16
   Barrera has an interest in the increased value of Mr. Shah's 10% interest in Property and the
17
   Partnership since September 2014. Plaintiff did not obtain Ms. Barrera's signature or consent to
18
   the alleged transfer of Mr. Shah's 10% interest in the Property and the Partnership via Partnership
19
   Agreement dated June 19, 2019. Since the purported transfer of Mr. Shah's 10% interest in the
20
   Property and the Partnership took place without Ms. Barrera's consent and signature, the alleged
21
   Partnership Agreement dated June 19, 2019 is void and unenforceable.
22
        Based on the foregoing, Ms. Barrera holds a community property interest in the increased
23
   value of Mr. Shah's 10% interest in Property and the Partnership since September 2014. For the
24
   purpose of brevity, Ms. Barrera incorporates in this argument the discussion in detail with regard
25
   to Mr. Shah's intervention as a matter of right, discussed in Section A, above. Based thereon, it is
26
   clear that Ms. Barrera's interest will be impaired by this litigation; her interest is not adequately
27
   represented in this litigation; Ms. Barrera's motion is timely; and that Ms. Barrera has complied
28

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

- 9 -

1  with the requirements of CCP §387(d)(1). Accordingly, this Court should grant Ms. Barrera's

2  intervention as a matter of right.

3  **D.    IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION
AND PERMIT MS. BARRERA TO INTERVENE IN THIS ACTION.**

4  Ms. Barrera's legal interest qualifies for permissive intervention. Specifically, Ms. Barrera's

5  interest is direct and immediate because it directly relates to her community property interest in

6  the increased value of Mr. Shah's 10% interest in Property and the Partnership since September

7  2014. Ms. Barrera's right is jeopardized by this lawsuit. For the purpose of brevity, Ms. Barrera

8  incorporates in this argument the discussion in detail with regard to Mr. Shah's permissive

9  intervention, discussed in Section B, above. Based thereon, Ms. Barrera's intervention will not

10  enlarge the issues in the litigation; Ms. Barrera's intervention does not prejudice the rights of

11  parties involved; and Ms. Barrera has followed proper procedures. Also, a true and correct copy

12  of the proposed answer-in-intervention is attached as Exhibit B, to the Declaration of Nishita

13  Patel, filed herein. Accordingly, this Court should permit Ms. Barrera to intervene under CCP

14  §387(d)(2).

15  ### IV. CONCLUSION

16
17  1)    For all of the foregoing reasons, the court should grant Mr. Shah leave to intervene,

18  as well as grant him leave to file the proposed Answer-In-Intervention.

19  2)    The court should also grant Ms. Barrera leave to intervene, as well as grant her

20  leave to file the proposed Answer-In-Intervention.

21  3)    Further, the court should grant Mr. Shah and Ms. Barrera leave to file their

22  proposed Cross-Complaint-In-Intervention.

23
24  Respectfully submitted,

25  CHUGH, LLP

26  August 6, 2020                        By: _____

27                                        Nishita Patel, Esq.
                                          Attorney for Jayesh Shah and Xiomara Barrera

28

Chugh, LLP
15925 Carmenita Road.
Cerritos, CA 90703

- 10 -

 Journal Technologies Court Portal

# Make a Reservation

## SANDHYA SHAH vs RASHMI SHAH, et al.

Case Number: 19CMCP00179   Case Type: Civil Unlimited   Category: Partnership & Corporate Governance Case
Date Filed: 2019-10-25   Location: Compton Courthouse - Department A

### Reservation

| | |
|---|---|
| **Case Name:** SANDHYA SHAH vs RASHMI SHAH, et al. | **Case Number:** 19CMCP00179 |
| **Type:** Motion for Leave to Intervene | **Status:** RESERVED |
| **Filing Party:** Jayesh Shah and Xiomara Barrera (Party Role to be determined) | **Location:** Compton Courthouse - Department A |
| **Date/Time:** 10/08/2020 9:00 AM | **Number of Motions:** 1 |
| **Reservation ID:** 778062318985 | **Confirmation Code:** CR-CYEAC688AFSZEHE4K |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| First Paper Fees (Unlimited Civil) | 435.00 | 1 | 435.00 |
| Credit Card Percentage Fee (2.75%) | 11.96 | 1 | 11.96 |
| TOTAL | | | **$446.96** |

### Payment

| | |
|---|---|
| **Amount:** $446.96 | **Type:** MasterCard |
| **Account Number:** XXXX8325 | **Authorization:** 73624J |

 Print Receipt     + Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

Chat

EXHIBIT B

8/04/2020

**EXHIBIT C**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 19CMCP00179

SANDHYA SHAH VS RASHMI SHAH, ET AL.

**Filing Courthouse:** Compton Courthouse

**Filing Date:** 10/25/2019
**Case Type:** Partnership & Corporate Governance Case (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/08/2020** at 09:00 AM in Department A at 200 West Compton Blvd., Compton, CA 90220
Hearing on Motion for Leave to Intervene

**01/12/2021** at 08:30 AM in Department A at 200 West Compton Blvd., Compton, CA 90220
Post-Mediation Status Conference

**02/16/2021** at 09:00 AM in Department A at 200 West Compton Blvd., Compton, CA 90220
Final Status Conference

**02/22/2021** at 09:00 AM in Department A at 200 West Compton Blvd., Compton, CA 90220
Non-Jury Trial

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BARRERA XIOMARA - Real Party in Interest

BARRERA XIOMARA - Real Party in Interest

CHUGH NAVNEET - Attorney for Defendant

JAYESH SHAH AND XIOMARA BARRERA - Non-Party

ORR ROBERT M. - Attorney for Cross-Defendant

PATEL NISHITA T - Attorney for Cross-Complainant

SHAH JAYESH - Real Party in Interest

SHAH JAYESH - Real Party in Interest

SHAH KUSUM - Cross-Complainant

SHAH KUSUM - Defendant

SHAH RASHMI - Cross-Complainant

SHAH RASHMI - Defendant

SHAH SANDHYA - Plaintiff

EXHIBIT C   050

SHAH SANDHYA - Cross-Defendant

SHAH URVASHI - Defendant

SHAH URVASHI - Cross-Complainant

SHAH VIRENDRA - Defendant

SHAH VIRENDRA - Cross-Complainant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**10/01/2020** Reply (to Opposition to the Motion for Leave to Intervene)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**09/23/2020** Opposition (- Points, Authorities, & Argument in Opposition to Motion for Leave to Intervene)
Filed by SANDHYA SHAH (Plaintiff)

**08/07/2020** Proof of Service by Mail
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (- Joint Declaration of Rashmi, Kusum Shah, Virendra Shah and Urvashi Shah)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Jayesh Shah)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Nishita Patel)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Xiomara Barrera)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Motion for Leave to Intervene
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**07/09/2020** Notice of Ruling
Filed by SANDHYA SHAH (Plaintiff)

**07/08/2020** Minute Order ( (Case Management Conference))
Filed by Clerk

**06/24/2020** Case Management Statement
Filed by VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant); URVASHI SHAH (Cross-Complainant) et al.

**06/22/2020** Case Management Statement
Filed by SANDHYA SHAH (Plaintiff)

**05/14/2020** Notice (Amended Notice of Unavailability)
Filed by SANDHYA SHAH (Plaintiff)

**04/17/2020** Notice (OF UNAVAILABILITY)
Filed by SANDHYA SHAH (Plaintiff)

**03/24/2020** Notice Re: Continuance of Hearing and Order
Filed by Clerk

**01/29/2020** Answer
Filed by SANDHYA SHAH (Cross-Defendant)

**12/31/2019** Cross-Complaint
Filed by VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant); URVASHI SHAH (Cross-Complainant) et al.

**12/31/2019** Cross-Complaint
Filed by RASHMI SHAH (Defendant); VIRENDRA SHAH (Defendant); KUSUM SHAH (Defendant) et al.

**12/31/2019** Answer
Filed by RASHMI SHAH (Defendant)

**12/31/2019** Answer
Filed by URVASHI SHAH (Defendant)

**12/31/2019** Answer
Filed by VIRENDRA SHAH (Defendant)

**12/31/2019** Answer
Filed by KUSUM SHAH (Defendant)

**11/12/2019** Notice ( of Case Management Conference)
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Personal Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Notice of Case Management Conference
Filed by Clerk

**10/25/2019** Notice of Case Management Conference
Filed by Clerk

**10/25/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/25/2019** Summons (on Complaint)
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Civil Case Cover Sheet
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Complaint
Filed by SANDHYA SHAH (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

## Proceedings Held (Proceeding dates listed in descending order)

**07/08/2020** at 08:30 AM in Department A, Maurice A. Leiter, Presiding
Case Management Conference - **Held**

**04/15/2020** at 08:30 AM in Department A, Maurice A. Leiter, Presiding
Case Management Conference - **Not Held - Continued - Court's Motion**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Register of Actions (Listed in descending order)

**10/01/2020** Reply (to Opposition to the Motion for Leave to Intervene)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**09/23/2020** Opposition (- Points, Authorities, & Argument in Opposition to Motion for Leave to Intervene)
Filed by SANDHYA SHAH (Plaintiff)

**08/07/2020** Declaration (- Joint Declaration of Rashmi, Kusum Shah, Virendra Shah and Urvashi Shah)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Proof of Service by Mail
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Jayesh Shah)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Nishita Patel)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Declaration (of Xiomara Barrera)
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**08/07/2020** Motion for Leave to Intervene
Filed by Jayesh Shah and Xiomara Barrera (Non-Party); VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant) et al.

**07/09/2020** Notice of Ruling
Filed by SANDHYA SHAH (Plaintiff)

**07/08/2020** at 08:30 AM in Department A, Maurice A. Leiter, Presiding
Case Management Conference - **Held**

**07/08/2020** Minute Order ( (Case Management Conference))
Filed by Clerk

**06/24/2020** Case Management Statement
Filed by VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant); URVASHI SHAH (Cross-Complainant) et al.

**06/22/2020** Case Management Statement
Filed by SANDHYA SHAH (Plaintiff)

**05/14/2020** Notice (Amended Notice of Unavailability)
Filed by SANDHYA SHAH (Plaintiff)

**04/17/2020** Notice (OF UNAVAILABILITY)
Filed by SANDHYA SHAH (Plaintiff)

**04/15/2020** at 08:30 AM in Department A, Maurice A. Leiter, Presiding
Case Management Conference - **Not Held - Continued - Court's Motion**

**03/24/2020** Notice Re: Continuance of Hearing and Order
Filed by Clerk

**01/29/2020** Answer
Filed by SANDHYA SHAH (Cross-Defendant)

**12/31/2019** Answer
Filed by URVASHI SHAH (Defendant)

**12/31/2019** Cross-Complaint
Filed by VIRENDRA SHAH (Cross-Complainant); KUSUM SHAH (Cross-Complainant); URVASHI SHAH (Cross-Complainant) et al.

**12/31/2019** Answer
Filed by RASHMI SHAH (Defendant)

**12/31/2019** Answer
Filed by VIRENDRA SHAH (Defendant)

**12/31/2019** Answer
Filed by KUSUM SHAH (Defendant)

**12/31/2019** Cross-Complaint
Filed by RASHMI SHAH (Defendant); VIRENDRA SHAH (Defendant); KUSUM SHAH (Defendant) et al.

**11/12/2019** Notice ( of Case Management Conference)
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Service by Substituted Service
Filed by SANDHYA SHAH (Plaintiff)

**11/06/2019** Proof of Personal Service
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**10/25/2019** Summons (on Complaint)
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Civil Case Cover Sheet
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Complaint
Filed by SANDHYA SHAH (Plaintiff)

**10/25/2019** Notice of Case Management Conference
Filed by Clerk

**10/25/2019** Notice of Case Management Conference
Filed by Clerk

EXHIBIT C  055

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES BANKRUPTCY COURT PURSUANT TO 28 U.S.C. § 1452(a) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 6, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard B Grobstein (TR)
hbgtrustee@gtllp.com, C135@ecfcbis.com

Neil R Hedtke on behalf of Debtor Jayesh K Shah
hedtkelg@gmail.com, hedtkeecf@gmail.com;r42667@notify.bestcase.com;rowena@flatrocklegal.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 6, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott H. Yun
U.S. Bankruptcy Court
3420 Twelfth Street, Suite 345
Riverside, CA 92501

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 6, 2020 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

**2.  SERVED BY U.S. MAIL**

Attorneys for Plaintiff Sandhya Shah:
Robert M. Orr. Esq.
6700 E. Pacific Coast Highway, Suite 285
Long Beach, California 90803

Attorneys for Defendants and Cross-Complainants, Rashmi Shah, Virendra Shah, Kusum Shah, and Urvashi
Shah, and Proposed Defendants-in-Intervention and Cross-Complainants-in-Intervention, Jayesh K/ Shah and
Xiomara Barrera:
Navneet S. Chugh, Esq.
Nishita Patel, Esq.
Chugh, LLP
15925 Carmenita Road
Cerritos, California 90703

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**