

**FILED & ENTERED**

**OCT 08 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** potier **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Jayesh K Shah<br><br>**Debtor(s).** | **CHAPTER 7**<br><br>**Case No.:** 6:20-bk-15349-SY<br>**Adv No:** 6:20-ap-01169-SY<br><br>**ORDER SETTING STATUS CONFERENCE RE: NOTICE OF REMOVAL**<br><br>**Date:** November 12, 2020<br>**Time:** 9:30 AM<br>**Courtroom:** 302 |
| SANDHYA SHAH<br><br>**Plaintiff(s),**<br>v.<br><br>Rashmi Shah, Virendra Shah, Kusum Shah, Urvashi Shah<br><br>**Defendant(s).** | |

It appearing to the court that the above-referenced matter (the "Removed Action") has been removed to the bankruptcy court by the filing of a notice of removal on or about October 6, 2020 by Defendants listed above.

**IT IS HEREBY ORDERED** as follows:

1. A status conference in the Removed Action will be held on November 12, 2020 at 9:30 a.m. before the Honorable Scott H. Yun, in Courtroom 302 of the United States Bankruptcy Court located at 3420 12th Street, Riverside, CA 92501.

-1-

2. Within five days of the mailing of this order, the removing party shall serve a copy of this order on (i) all parties to the Removed Action, (ii) the United States Trustee, and (iii) any creditors' committee, if appointed, and promptly thereafter shall file a proof of service with the Clerk of the Bankruptcy Court.

3. At least fourteen days prior to the above-scheduled status conference the removing party shall file with the Clerk of the Bankruptcy Court copies of the complaint and any amended complaint or cross-complaint(s) and all responsive pleadings thereto which had been filed in state court prior to the removal of the Removed Action.

4. The parties to the Removed Action shall comply with Rule 9027 of the Federal Rules of Bankruptcy Procedure and this Court's Local Bankruptcy Rule 9027-1.

5. A joint status report must be filed at least fourteen days prior to the above-scheduled status conference.

###

Date: October 8, 2020

Scott H. Yun
United States Bankruptcy Judge

*Effective August 1, 2020*

# STATUS CONFERENCE PROCEDURES
# FOR THE HON. SCOTT H. YUN

The court will set an initial status conference in all adversary proceedings and chapter 11 cases.  Trial counsel must appear at the initial adversary proceeding status conference in person, and debtor's counsel must appear at the initial chapter 11 status conference in person.  Unless otherwise ordered by the court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Yun's telephonic appearance procedures (which are available on the court's website, [www.cacb.uscourts.gov](www.cacb.uscourts.gov), by clicking on "Judges," "Our Judges," and then the judge's name).

## I.   STATUS REPORTS

A.   A thorough, written status report, filed fourteen days in advance of the hearing, is required before **every initial or continued** adversary proceeding and chapter 11 status conference.  For adversary proceeding status conferences, the status report must be a joint status report using Local Bankruptcy Rule Form F 7016-1.STATUS.REPORT.  This form is available on the court's website.  Failure to file a joint status report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule form.  For chapter 11 status conferences, please **do not** use the optional form F 2081-1.1.C11.STATUS.RPT.

B.   Pursuant to Local Bankruptcy Rule ("LBR") 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a unilateral status report not less than seven days before the date scheduled for the status conference.  The unilateral status report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a joint status report.

A status report (either joint or unilateral) is not required *only* in the following limited circumstances:

1. The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding that provides either for dismissal of the action in its entirety or the entry of judgment in the action.

2. Prior to the date scheduled for the status conference, the court has entered an order approving a stipulation continuing the status conference to a later date (a written status report must be filed not less than fourteen days in advance of the continued status conference date).

*Effective August 1, 2020*

    3. The court has expressly relieved the parties of the obligation to file a written status report.

Unless one of the three exceptions outlined above applies, status reports must be filed in a timely manner. Parties that fail to do so may be subject to a minimum sanction of $500.00, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f) and 11 U.S.C. § 105.

Failure to appear for a status conference in an adversary proceeding may also result in a minimum sanction of $750.00, dismissal of the adversary proceeding for failure to prosecute, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f) and 11 U.S.C. § 105.

## II.  DEFAULT

If a response to the complaint is not timely filed, the plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion with supporting evidence. See Fed. R. Bankr. P. 7055 and LBR 9021-1(d).

## III.  FINAL JUDGMENT

If the parties dispute whether the court can enter a final judgment or order in the adversary proceeding, they must file points and authorities in support of their positions. Any party contending that the court cannot enter a final judgment must file and serve a memorandum of points and authorities, along with evidence, in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the court makes.**

## IV.  JURY TRIAL

Any party claiming a right to trial by jury must make a timely demand as set forth in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a memorandum of points and authorities, along with evidence, in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the court makes.**

## V.  MISCELLANEOUS FOR ADVERSARY PROCEEDINGS

    1.    Unless otherwise ordered by the court, within seven days after the initial status conference, the plaintiff must submit a scheduling order.

*Effective August 1, 2020*

      2.      A copy of these instructions—including LBR Form F 7016-1.STATUS.REPORT attached as Exhibit A—must be attached to every copy of the complaint served upon a party, and the proof of service must state that a copy of these instructions was served along with a copy of the summons and complaint.

*Effective August 1, 2020*

# EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)